Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
TAMARA WILLIAMS,

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>KHAN MEDICAL CLINIC LLC.; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 1:25-cv-3294<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams by and through her undersigned counsel, brings this Complaint against Defendant KHAN MEDICAL CLINIC LLC and DOES 1 through 10, inclusive, and alleges as follows:

### NATURE OF THE ACTION

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

---
1
**COMPLAINT**

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

6. Defendant Khan Medical Clinic LLC ("Defendant" or "KMC") is a Illinois limited liability company with a principal place of business in Springfield, Illinois.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and

insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### *Plaintiff Tamara Williams is a professional photographer*

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams (previously @tamarawilliams1), which has amassed over 600,000 followers.

10. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim,* and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

11. Williams is the sole creator and exclusive rights holder to a beauty photograph of model Angelia ("Beauty Photograph").

12. Attached hereto as Exhibit A is a true and correct copy of the Beauty Photograph.

13. Williams registered the Beauty Photograph with the United States Copyright Office under Registration No. VA 2-259-542 with an effective date of registration of July 13, 2021.

14. Attached hereto as Exhibit B is a true and correct copy of Registration VA 2-259-542

### *Defendant KMC is a commercial business with online marketing*

15. Upon information and belief, Defendant is and was at all relevant times, the owner and operator of a commercial website https://www.khanmedclinic.com/ ("Defendant's Website").

16. According to Defendant's Website, KMC is an "integrative medicine and medspa" clinic that focuses on "whole body care", offering aesthetic services

such as facials; microneedling; threading; and injections to name a few. *See generally* https://www.khanmedclinic.com/.

17. KMC manages, operates, and controls an Instagram page, @khanmedclinic https://www.instagram.com/khanmedclinic/ ("Defendant's Instagram") which promotes Defendant's services and encourages users to make appointments with them to use their services.

18. KMC manages, operates, and controls a Facebook page, "Khan Medical Clinic – Integrative Medicine and Medspa" https://www.facebook.com/khanmedicalclinic/ ("Defendant's Facebook") which promotes Defendant's services and encourages users to make appointments with them to use their services.

19. Defendant's Instagram and Defendant's Facebook shall collectively be referred to as "Defendant's Social Media Pages".

20. On information and belief, Defendant's Social Media Pages generate content in order to promote Defendant(s)' services, attract social media followers and user traffic to Defendant's Website, and generate profit and revenue for the company and its owner(s).

21. Specifically, Defendant's Instagram "Biography" section contains an active hyperlink that directs users to Defendant's Website as well as a direct link to make payments for procedures.

22. Specifically, Defendant's Facebook "Intro" section contains an active hyperlink that directs users to Defendant's Website as well as a direct link to make payments for procedures.

23. At all relevant times, Defendant's Social Media Pages were readily accessible to the general public throughout Illinois, the United States, and the world.

24. At all relevant times, Defendant had a direct financial interest in the content and activities of Defendant's Website and Defendant's Social Media Pages (including the activities alleged in this Complaint).

### *Defendant's Infringing Conduct*

25. On or about January 2, 2025, Williams discovered her Beauty Photograph published to and displayed on Defendant's Instagram in a post captioned "It's mid-May! Whether you need a touch up or are ready to freshen up for summer, take advantage of this month's specials! #integrativehealth #medspa #injectables #botox #tox #filler #prp #prf #microneedling #hairrestoration #pdotthreads #rf #lhr #arlingtonheights #chicago #wedding #graduation" (the "Instagram Post").

26. Defendant placed the words "LIP FILLER $100 off (full syringe) on top of the Beauty Photograph as part of its use in the Instagram Post.

27. Attached hereto as Exhibit C is a true and correct screenshot of the Beauty Photograph published to and displayed on Defendant's Instagram in the Instagram Post.

28. On or about January 2, 2025, Williams discovered Beauty Photograph published to Defendant's Facebook in a post promoting a black Friday sale (the "Facebook Post").

29. Specifically, Defendant placed the words "BLACK FRIDAY Deals" and "$75 LIP FLIP or 25% OFF FILLERS/TOX" directly next to the Beauty Photograph in the Facebook Post.

30. Attached hereto as Exhibit D is a true and correct screenshot of the Beauty Photograph published to and displayed on Defendant's Facebook in the Facebook Post.

31. The Instagram Post and the Facebook Post shall collectively be referred to as "the Infringing Posts".

32. Shortly after discovering the unauthorized use of the Beauty Photographs, Williams, through counsel, reached out to Defendant to resolve this matter without Court intervention, but the Defendant would not engage in settlement discussions.

33. In no event did Williams consent to, authorize, or provide Defendant

with a license to make a copy or publicly display the Beauty Photograph on Defendant's Social Media Pages with the Infringing Posts or in any other manner.

34. Williams is informed and believes Defendant (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Beauty Photograph and caused it to be uploaded to and displayed on Defendant's Social Media Pages in the Infringing Posts.

35. Williams is informed and believes that the purpose of the use of the Beauty Photograph on Defendant's Social Media Pages was to promote and encourage sales of Defendant's products and services by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved by using Defendant's products and services.

36. Specifically, in the Instagram Post, Defendant used the Beauty Photograph to promote its lip filler services and advertise a $100 off special.

37. Specifically, in the Facebook Post, Defendant used the Beauty Photograph to promote its black Friday deals for its "lip flip" and "fillers/tox" services.

38. Williams is informed and believes Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, posted, and otherwise held out to the public Williams' original and unique Photograph in order to acquire a direct financial benefit, through revenue from the sales of Defendant's products and services, from the use of the Beauty Photograph.

39. On information and belief, Defendant's use of the Beauty Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photograph.

# CAUSE OF ACTION
# COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.*

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photograph.

41. Williams owns a valid copyright in the Beauty Photograph.

42. Williams registered the Beauty Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

43. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's rights in the copyrighted Beauty Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photograph of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

44. Specifically, Defendant made an unauthorized copy and then publically displayed the Beauty Photograph with the Infringing Posts on Defendant's Social Media Pages.

45. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

46. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

47. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

48. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendants infringed Williams' copyright interest in the Beauty Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;
- For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: March 27, 2025

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Tamara Williams hereby demands a trial by jury in the above matter.

Dated: March 27, 2025

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*